**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Viehweger*, Slip Opinion No. 2024-Ohio-4748.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2024-OHIO-4748**

**THE STATE EX REL. MOBLEY *v*. VIEHWEGER.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Viehweger*, Slip Opinion No. 2024-Ohio-4748.]**

*Mandamus—Public records—Relator not entitled to statutory damages because he failed to carry his burden of proving by clear and convincing evidence that public office violated Public Records Act by failing to submit a copy of his alleged request to that office—Writ denied as moot.*

(No. 2024-0220—Submitted August 13, 2024—Decided October 3, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Alphonso Mobley Jr., requests a writ of mandamus ordering the production of records responsive to a public-records request he claims to have sent to respondent, Peggy Viehweger, former chair of the Ohio University board of trustees ("the university"). Mobley also seeks an award of statutory damages.

{¶ 2} Because the university has provided Mobley with the records he allegedly requested, we deny the writ as moot. We also deny Mobley's request for statutory damages.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} Mobley is an inmate at Southeastern Correctional Institution. He claims to have sent a public-records request to the university in December 2023 seeking copies of four records: (1) the university's records-retention manual, (2) "Ohio University policy number 40.007," (3) a recent list of correspondence courses for correctional education, and (4) an application for admission to the university's correctional-education program. Mobley alleges that he sent the request to the university by certified mail.

{¶ 4} Mobley contends that the university responded to his request by providing only policy number 40.007. He also alleges that along with the policy, the university included a letter saying, "Thank you for your interest in Ohio University's Correctional Education program. Unfortunately, we are not accepting new students to the program at this time and are therefore unable to offer you admission." But according to Mobley, the university provided none of the other records he allegedly requested.

{¶ 5} Mobley commenced this action in February 2024, alleging that the university had failed to comply with R.C. 149.43(B). He sought a writ of mandamus ordering the university to provide copies of the remaining records he allegedly requested. Mobley also asked for an award of statutory damages under

2

R.C. 149.43(C).[1]  After the university answered the complaint, this court granted an alternative writ and set a schedule for the parties' submission of evidence and merit briefs.  2024-Ohio-1507.

{¶ 6} Mobley submitted as evidence a certified-mail receipt purporting to show that he had mailed something to the university that he directed to the correctional-education records manager and that the item was delivered to the university and signed for by a "G. Johnson."  According to Mobley, this mailing shows that the university received his public-records request.  Mobley has not, however, submitted a copy of the written request he purportedly sent by certified mail.

{¶ 7} In opposition to Mobley's claim, the university submitted an affidavit from a paralegal in the university's office of legal affairs.  Her responsibilities include "overseeing responses to known public records requests" made to the university.  The paralegal attested that the university first learned of Mobley's alleged public-records request when it was served with the summons and complaint in this action in February 2024.

{¶ 8} The university investigated the allegations in Mobley's complaint and determined that the person who signed the certified-mail receipt attached to Mobley's complaint was Gena Johnson, the manager of mail services at the university.  The correctional-education program does not keep a log of received mail; however, the university's investigation determined that the program routinely forwards public-records requests to the office of legal affairs.  In this case, the office of legal affairs was not forwarded any public-records request from Mobley.  Thus, the university was unable to determine what, if anything, Mobley sent to the university in the certified mailing at issue.

---

1. Mobley's prayer for relief also sought an order requiring the university to pay his court costs. Mobley, however, is not entitled to this relief because he filed an affidavit of indigency, which waived his obligation to pay costs. *See State ex rel. McDougald v. Greene*, 2020-Ohio-5100, ¶ 18.

## ANALYSIS

### *Mandamus Claim Is Moot*

**{¶ 9}** Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b). But generally, a public-records mandamus claim becomes moot when the respondent provides the requested records after the action is filed. *State ex rel. Suggs v. McConahay*, 2022-Ohio-2147, ¶ 8.

**{¶ 10}** After being served with the complaint in this case, the university sent to Mobley the records he allegedly requested. Mobley does not rebut the university's contention that it has provided all the records responsive to his alleged request. Accordingly, we deny Mobley's mandamus claim as moot.

### *Statutory Damages*

**{¶ 11}** Even though the mandamus claim is moot, Mobley's request for statutory damages remains a live controversy. *See State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 11. A public-records requester may obtain statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation" under R.C. 149.43(B). R.C. 149.43(C)(2). To be entitled to statutory damages, Mobley must establish by clear and convincing evidence that he sent his public-records request to the university by certified mail, hand delivery, or electronic submission and that the university failed to produce the records within a reasonable time. *State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 13-14.

**{¶ 12}** Mobley fails to carry his burden in this case. Though Mobley claims that the university received a public-records request from him by certified mail in December 2023, he did not submit a copy of his alleged public-records request or any other evidence showing that he mailed the request described in his complaint. *Compare State ex rel. Mobley v. Toledo*, 2022-Ohio-3889, ¶ 12 (holding that Mobley failed to prove a violation of the Public Records Act when he failed to submit a copy

4

of the alleged request or proof that he mailed a request). While both parties have submitted evidence showing that the university received something by certified mail from Mobley on December 18, 2023, this evidence does not prove anything about what the mailing contained. *See State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32. For its part, the university disputes that Mobley sent a public-records request, noting that its investigation could not confirm that it received one from Mobley.

**{¶ 13}** On the record before us, the evidence is, at best, evenly balanced as to what Mobley's certified mailing contained. Mobley has therefore failed to prove the prerequisites necessary for an award of statutory damages under R.C. 149.43(C)(2). *Giavasis*, 2020-Ohio-5453, ¶ 32; *see also State ex rel. Griffin v. Doe*, 2021-Ohio-3626, ¶ 7-8. Accordingly, we deny the request for statutory damages.

## CONCLUSION

**{¶ 14}** For the foregoing reasons, we deny the writ as moot and deny Mobley's request for statutory damages.

Writ denied as moot.

_____

Alphonso Mobley Jr., pro se.

Dave Yost, Attorney General, and Holly E. LeClair Welch and Mia Meucci Yaniko, Assistant Attorneys General, for respondent.

_____