**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Akron Police Dept.*, Slip Opinion No. 2025-Ohio-1198.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1198

THE STATE EX REL. WARE *v.* AKRON POLICE DEPARTMENT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Akron Police Dept.*, Slip Opinion No. 2025-Ohio-1198.]**

*Mandamus—Public Records Act—R.C. 149.43—Relator failed to establish entitlement to writ compelling respondent to produce requested public records—Because relator failed to prove by clear and convincing evidence that he sent public-records request to respondent by certified mail, relator is not entitled to statutory damages—Writ and request for statutory damages denied.*

(No. 2024-0718—Submitted January 7, 2025—Decided April 8, 2025.)

IN MANDAMUS.

————————————

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, and HAWKINS, JJ.  KENNEDY, C.J., concurred in part and dissented in part, with an opinion joined by SHANAHAN, J.

**Per Curiam.**

{¶ 1} In this original action, relator, Kimani E. Ware, asks us to issue a writ of mandamus ordering respondent, the Akron Police Department ("Akron PD"), to provide copies of documents responsive to an October 2023 public-records request. Ware also seeks an award of statutory damages.

{¶ 2} After we granted an alternative writ and briefing was complete, Akron PD moved to dismiss this case because we had found Ware to be a vexatious litigator in *State ex rel. Ware v. Vigluicci*, 2024-Ohio-4997. We deny the motion to dismiss because the vexatious-litigator determination was rendered after all filings in this case had been received. On the merits, we deny the writ because Akron PD provided Ware with the only responsive document that he is entitled to receive, and we deny Ware's request for statutory damages because Ware failed to prove by clear and convincing evidence that he transmitted his public-records request by certified mail.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} Ware is an inmate at Richland Correctional Institution. He alleges that he sent a public-records request to Akron PD by certified mail on October 3, 2023, asking for the following:

1. A copy of the "use of force reports" filed by the eight police officers who shot Jayland Walker;[1]

2. The names of the eight officers who shot Jayland Walker;

3. A copy of the "roster" listing the names of the eight officers who shot Jayland Walker;

4. A copy of Akron PD's use-of-force policy; and

5. The "use of force report" filed by the police officer who shot Raupheal Thomas.

---

1. This appears to be a request for records related to the same incident addressed in *State ex rel. Copley Ohio Newspapers, Inc. v. Akron*, 2024-Ohio-5677, ¶ 8.

**{¶ 4}** In May 2024, Ware filed this action, alleging that Akron PD had not responded to his public-records request. In June 2024, approximately two weeks after Akron PD was served with the summons and complaint in this case, Sergeant Steven J. Null sent Ware a response to the October 2023 public-records request. Null provided Ware with a copy of Akron PD's use-of-force policy but denied the remainder of Ware's requests on the bases that (1) Akron PD had no use-of-force reports responsive to request Nos. 1 and 5, (2) request No. 2 was an improper request for information, and (3) request No. 3 was "ambiguous or overly broad" such that Akron PD could not discern what Ware sought.

**{¶ 5}** Akron PD filed an answer to Ware's mandamus complaint, a motion for judgment on the pleadings, and a motion to have Ware declared to be a vexatious litigator. This court denied Akron PD's motions and granted an alternative writ. 2024-Ohio-2781.

**{¶ 6}** After merit briefing was complete in this case, we found Ware to be a vexatious litigator in *Vigluicci*, 2024-Ohio-4997. Akron PD then filed a motion to dismiss this case based on Ware's having been declared a vexatious litigator. Ware did not file a response to the motion to dismiss.

### ANALYSIS

### Motion to Dismiss

**{¶ 7}** In our order finding Ware to be a vexatious litigator under S.Ct.Prac.R. 4.03(B), we prohibited Ware "from *continuing* or instituting legal proceedings in this court without first obtaining leave." (Emphasis added.) *Vigluicci*, 2024-Ohio-4997. Seizing on the word "continuing" in that order, Akron PD argues that Ware has not sought leave to continue this action and, therefore, we should dismiss it. We disagree.

**{¶ 8}** Ware did not need to request leave to continue this proceeding. By the time we found him to be a vexatious litigator in *Vigluicci*, this case was already pending and all filings had been received. And Ware has not filed any additional

documents in this case that would necessitate his obtaining leave. Accordingly, we deny Akron PD's motion to dismiss.

## Mandamus Claim

{¶ 9} A writ of mandamus is an appropriate remedy to compel compliance with the Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b). To obtain a writ, Ware must show that he has a clear legal right to the records he requested and that Akron PD has a clear legal duty to provide them. *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, 2024-Ohio-5154, ¶ 12. In this case, Ware has not shown that he is entitled to relief in mandamus.

{¶ 10} As to his request for Akron PD's use-of-force policy, it is undisputed that Akron PD provided Ware with the policy a month after this action was filed. Accordingly, we deny Ware's mandamus claim as moot with respect to the use-of-force policy. *See State ex rel. Suggs v. McConahay*, 2022-Ohio-2147, ¶ 8 ("generally, a public-records mandamus claim becomes moot when the records custodian provides the requested documents").

{¶ 11} As to use-of-force reports related to the Walker and Thomas shootings, Ware argues that such reports are public records subject to disclosure under this court's decision in *State ex rel. Standifer v. Cleveland*, 2022-Ohio-3711. In *Standifer*, we held that use-of-force reports prepared by Cleveland police officers were not categorically exempt from disclosure under the public-records exception for confidential law-enforcement investigatory records. *Id.* at ¶ 20-22; *see also* R.C. 149.43(A)(1)(h) and (A)(2) (exempting confidential law-enforcement investigatory records from disclosure and defining confidential law-enforcement investigatory records, respectively).

{¶ 12} *Standifer*, however, has no relevance to this case. The use-of-force reports at issue in *Standifer* were required to be completed by Cleveland police officers under a city policy. *Standifer* at ¶ 2-3. Ware has presented no evidence that the City of Akron has a similar requirement for its police officers. Indeed, in response

to Ware's request for the use-of-force reports, Akron PD responded that it has no such reports.

{¶ 13} "When a public office attests that it does not have responsive records, the relator in a public-records mandamus case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13. Ware has submitted no such evidence here. Accordingly, he cannot obtain a writ of mandamus to compel Akron PD to produce nonexistent records. *State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 2020-Ohio-3815, ¶ 7.[2]

{¶ 14} As to Ware's request for the names of the eight officers involved in the Walker shooting, Akron PD properly denied the request. "Requests for information and requests that require the records custodian to create a new record by searching for selected information are improper requests under R.C. 149.43." *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 30. Ware did not ask for a specific record, only the names of the officers involved in that incident. This was not a valid public-records request. *See State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-3624, ¶ 5.

{¶ 15} Finally, Ware separately requested "the roster listing" those officers involved in the Walker shooting. Unlike the request for names, this request arguably was for a tangible record. In his response on behalf of Akron PD, Sergeant Null informed Ware that this request was "ambiguous or overly broad such that [it] [could

---

2. Akron PD also argues that Ware would not be entitled to records related to the Walker and Thomas shootings under R.C. 149.43(B)(8), which provides that before an incarcerated person may obtain public records "concerning a criminal investigation or prosecution," the person must first obtain a finding from his or her sentencing judge (or the judge's successor in office) "that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." In his affidavit to this court, Sergeant Null avers that the officers involved in both the Walker and Thomas shootings "were investigated for possible criminal charges," which, according to Akron PD, brings Ware's request within the purview of R.C. 149.43(B)(8). But because Ware has not rebutted Akron PD's evidence that no use-of-force reports exist, we need not decide whether R.C. 149.43(B)(8) bars Ware's request.

not] reasonably identify what public records [were] being requested." Ware does not address this contention in his merit brief and appears to have abandoned his claim for a writ of mandamus as to the roster. In his merit brief, Ware demands a writ compelling Akron PD to produce copies of only the use-of-force reports and the names of the eight officers involved in the Walker shooting. Accordingly, we need not address Ware's request for a roster. *See State ex rel. Howard v. Watson*, 2023-Ohio-3399, ¶ 16 ("the court need not address request for writ of mandamus that was raised in complaint but was not specifically argued in merit brief"), citing *State ex rel. Ohio Gen. Assembly v. Brunner*, 2007-Ohio-3780, ¶ 26, fn. 4.

**Request for Statutory Damages**

{¶ **16**} Ware seeks statutory damages for Akron PD's alleged failure to comply with R.C. 149.43(B). A public-records requester may obtain statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation [under R.C. 149.43(B)]." R.C. 149.43(C)(2). To be entitled to statutory damages, Ware must establish by clear and convincing evidence that he sent the public-records request by certified mail and that Akron PD failed to produce responsive records within a reasonable time. *See State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6. Statutory damages accrue at a rate of $100 for each business day that the public office failed to comply with R.C. 149.43(B), starting from the day the mandamus action was filed, up to a maximum of $1,000. R.C. 149.43(C)(2).

{¶ **17**} For the reasons explained above, Ware has not shown that Akron PD failed to comply with R.C. 149.43(B) with respect to his requests for the use-of-force reports, officers' names, or a roster containing officers' names. Accordingly, Ware cannot obtain statutory damages based on those requests. *See State ex rel. Griffin v. Sehlmeyer*, 2022-Ohio-2189, ¶ 13 (when the relator does not show a respondent's failure to comply with R.C. 149.43(B), it follows that he is not entitled to statutory damages).

**{¶ 18}** Ware's entitlement to statutory damages therefore turns on his request for Akron PD's use-of-force policy, which Akron PD provided to him after the filing of this action. Even though Ware's mandamus claim is moot as to his request for a copy of the use-of-force policy, his claim for statutory damages remains at issue. *State ex rel. Straughter v. Dept. of Rehab. & Corr.*, 2023-Ohio-1543, ¶ 15 ("We have long held that even though a mandamus action is moot, statutory damages may be awarded based on the unreasonable amount of time the public office had taken to provide the requested records."). Ware contends that Akron PD did not provide him with responsive records within a reasonable time.

**{¶ 19}** Ware alleges that he sent the public-records request at issue here by certified mail to Akron PD on October 3, 2023. For its part, Akron PD admits in its answer that it received a public-records request by mail from Ware but denies that Ware sent it by *certified* mail. The issue, then, is whether Ware has proven by clear and convincing evidence that he delivered the request by certified mail. *State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 14 (public-records requester seeking statutory damages must prove method of delivery by clear and convincing evidence).

**{¶ 20}** As evidence that he sent his public-records request by certified mail, Ware submitted a cash-withdrawal slip from the prison, dated October 3, 2023, which purports to be for a certified mailing to Akron PD. A 20-digit number is handwritten on the withdrawal slip. The number written on the withdrawal slip is identical to the number printed on a certified-mail receipt dated October 11, 2023, which Ware also submitted as evidence. Ware has also submitted as evidence a printout from the United States Postal Service's website and a certified-mail return-receipt card mailed back to him, showing that a certified mailing with the same tracking number as the certified-mail receipt was delivered to Akron PD on October 13, 2023.

**{¶ 21}** Ware has not proven by clear and convincing evidence that he sent his public-records request by certified mail. There is a discrepancy between Ware's averment that he mailed his public-records request on October 3 and the certified-

mail receipt showing a postmark of October 11. Ware does not explain this discrepancy. Moreover, Ware did not submit a copy of the envelope in which he mailed his records request to Akron PD. Because he did not submit a copy of the envelope, we are unable to confirm that the certified-mail return receipt contains the same tracking number as that on the envelope. *See State ex rel. Mobley v. Bates*, 2024-Ohio-2827, ¶ 13. While Ware's evidence suggests that he sent *something* to Akron PD by certified mail, his evidence does not prove anything about what that mailing contained.

**{¶ 22}** At best, Ware's evidence on the method of delivery of his public-records request is inconclusive. He therefore has not satisfied his burden under R.C. 149.43(C)(2) to show that he transmitted his public-records request to Akron PD by a method required by R.C. 149.43(C)(2) for the recovery of statutory damages. *See id.* at ¶ 14; *see also State ex rel. Ware v. Galonski*, 2024-Ohio-1064, ¶ 22. Thus, even assuming that Akron PD failed to provide responsive records within a reasonable time, Ware does not qualify for an award of statutory damages. *See State ex rel. Mobley v. Viehweger*, 2024-Ohio-4748, ¶ 13 (denying statutory-damages request when the relator "failed to prove the prerequisites necessary for an award of statutory damages under R.C. 149.43(C)(2)").

## CONCLUSION

**{¶ 23}** For the foregoing reasons, we deny Akron PD's motion to dismiss, and we deny the writ and Ware's request for statutory damages.

Writ denied.

_____

**KENNEDY, C.J., joined by SHANAHAN, J., concurring in part and dissenting in part.**

**{¶ 24}** I concur in the court's judgment denying relator, Kimani E. Ware, a writ of mandamus compelling respondent, the Akron Police Department ("Akron PD"), to produce copies of the use-of-force reports of officers involved in two

different shootings, the names of the eight officers involved in the Jayland Walker shooting, and a roster listing the officers involved in the Walker shooting. Additionally, Akron PD has provided the only responsive record to Ware's public-records request that he is entitled to receive—the Akron PD's use-of-force policy. The request for a writ of mandamus for that record is therefore moot. I also agree with the court's judgment denying Akron PD's motion to dismiss. I dissent, however, from the majority's decision to deny Ware an award of statutory damages as a result of Akron PD's delayed response in producing the use-of-force policy. I would award Ware statutory damages in the amount of $1,000. Therefore, I concur in part and dissent in part.

{¶ 25} To be entitled to an award of statutory damages, a public-records requester must show that (1) he transmitted a written request by hand delivery, electronic submission, or certified mail to the public office, (2) the request fairly described the public records he sought, and (3) the public office failed to comply with an obligation under R.C. 149.43(B) after receiving the request. *See* R.C. 149.43(C)(2). In this case, Akron PD failed to produce any public record responsive to Ware's public-records request until June 2024—more than eight months after Ware sent the request and nearly three weeks after he filed his mandamus complaint. Akron PD also admits that it received a public-records request by mail from Ware but denies that Ware sent the request by *certified* mail. With this in mind, Akron PD does not contend that it responded to Ware's request within a "reasonable period of time" as required by R.C. 149.43(B)(1). Rather, in urging this court to deny an award of statutory damages, Akron PD asserts only that Ware has not submitted sufficient evidence to show that he sent his public-records request by *certified* mail.

{¶ 26} The majority agrees with Akron PD and denies statutory damages on the basis that Ware has failed to prove by clear and convincing evidence that he transmitted his public-records request by certified mail. Majority opinion, ¶ 21.

The majority asserts that "[t]here is a discrepancy between Ware's averment that he mailed his public-records request on October 3 and the certified-mail receipt showing a postmark of October 11." *Id*. But this supposed "discrepancy" between the October 3 mailing date and the October 11 postmark date is baseless.

{¶ 27} Ware provided copies of the following documents as evidence: (1) a "Personal A/C Withdrawal Check Out-Slip" for $7.90 for certified-mail postage for the public-records request, dated October 3, 2023; (2) the handwritten records request that Ware sent to Akron PD, dated October 3, 2023; (3) the certified-mail receipt, postmarked October 11, 2023; (4) a printout of the United States Postal Service ("USPS") website's tracking log for the mailing, which indicates that the mail item arrived at the USPS regional facility in Cleveland on October 11 and was delivered on October 13; and (5) the domestic return-receipt card, stamped October 13. The USPS article-tracking number and delivery date are consistent across these documents, and the address for Akron PD is the same throughout. The only "discrepancy" that the majority can point to is the difference between the date Ware claims that he mailed his request (October 3) and the postmark date on the certified-mail receipt (October 11). *Id*. at ¶ 21. But Ware's claimed mailing date of October 3, which is consistent with his withdrawal slip and handwritten records request, is not synonymous with the October 11 postmark date on the certified-mail receipt.

{¶ 28} A "postmark" is "an official postal marking on a piece of mail" specifically "showing the name of the post office and the date and sometimes the hour of mailing." *Webster's Third New International Dictionary* (2002); *see also McCaffery v. United States*, 155 Fed. Cl. 121, 127 (2021), quoting U.S. Postal Serv., *Handbook PO-408—Area Mail Processing Guidelines*, § 1-1.3 (2008) ("The Postal Service states that 'a postmark indicates the location and date the Postal Service accepted custody of a mailpiece, and it cancels affixed postage.'"). As such, the postmark date is not the date that a person—and in this case, an incarcerated person—deposits a mail item in the mail, but rather, it is the date that the USPS

accepts custody of that item. These dates *could* be the same, but the postmark *could also* be dated after the sender's claimed mailing date. For example, if mail is deposited into a mailbox on a Saturday evening, it may not be picked up and received by a post office until the following Monday. And this delay may be extended if the sender, like an incarcerated person, is not directly responsible for ensuring how and when his mail gets to a post office. Hence, by holding that the date "discrepancy" warrants the denial of statutory damages, the majority is embracing a standard that punishes an incarcerated person for the mailing procedures of a prison whenever a prison's mail service delays delivery of mail to a USPS facility. Therefore, because the majority cannot point to a legitimate discrepancy in Ware's uncontroverted evidence of his having sent his public-records request to Akron PD by certified mail, I would find that Ware has proven by clear and convincing evidence that his request was sent by certified mail.

**{¶ 29}** As a result, Ware has shown that his public-records request was transmitted by certified mail and that the public office failed to comply with an obligation under R.C. 149.43(B). For these reasons, I would award Ware statutory damages in the amount of $1,000 for Akron PD's failure to timely produce the use-of-force policy. Because the majority does not, I concur in part and dissent in part.

_____

Kimani Ware, pro se.

Deborah S. Matz, Akron Law Director, and Jacquenette S. Corgan and John C. Reece, Assistant Law Directors, for respondent.

_____