[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Snodgrass v. Trumbull Corr. Inst.*, Slip Opinion No. 2025-Ohio-4688.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4688

THE STATE EX REL. SNODGRASS *v.* TRUMBULL CORRECTIONAL INSTITUTION ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Snodgrass v. Trumbull Corr. Inst.*, Slip Opinion No. 2025-Ohio-4688.]**

*Mandamus—Public-records requests—Respondent failed to show that an exemption from the Public Records Act's disclosure requirement applies—Writ granted and relator's request for statutory damages denied.*

(No. 2024-1203—Submitted April 22, 2025—Decided October 14, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. BRUNNER, J., concurred in part and dissented in part and would award relator $1,000 in statutory damages.

**Per Curiam.**

**{¶ 1}** Relator, Marwan Snodgrass, seeks a writ of mandamus ordering respondents, Trumbull Correctional Institution and warden's assistant Cheri Kleinknecht (collectively, "TCI"), to produce records responsive to four public-records requests that Snodgrass sent. Snodgrass also seeks $1,000 in statutory damages under R.C. 149.43(C)(2) in connection with each of the four public-records requests.[1] Also pending is Snodgrass's unopposed motion asking us to consider the exhibits attached to his complaint as evidence.

**{¶ 2}** We grant Snodgrass's motion to consider his exhibits as evidence, and we grant a writ of mandamus ordering TCI to provide documents responsive to the four public-records requests. We deny statutory damages.

## I. FACTS AND PROCEDURAL BACKGROUND

**{¶ 3}** Snodgrass is incarcerated at Trumbull Correctional Institution. Between July 15 and 17, 2024, Snodgrass requested by electronic kite that the warden's office produce four sets of items under the Public Records Act, R.C. 149.43.[2] In his first request on July 15, Snodgrass asked for

> documents pertaining to the device used to analyze drugs which is used by investigators. Name of device, manufacturer of device, supplier, contract pertaining to device and [the Ohio Department of Rehabilitation and Correction ("ODRC")], info on how the device operates, how [it's] programmed, what drugs it analyzes.

---

1. Effective April 9, 2025, R.C. 149.43 was amended such that a person committed to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") is no longer eligible to receive an award of statutory damages under R.C. 149.43(C), and some provisions have been renumbered. 2024 Sub.H.B. No. 265. This action was filed before the effective date of the amendments, so we apply the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

2. A kite is a communication between an inmate and a member of prison staff. *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 3, fn. 1.

Kleinknecht, who responds to public-records requests as part of her duties as warden's assistant, denied Snodgrass's request on July 17. She wrote in response to Snodgrass's kite that "the procedures to identify drugs are not public record per R.C. 149.43(A)(2)(a)," a provision that exempts from public-records disclosure a "confidential law enforcement investigatory record" that has a high probability of disclosing "[t]he identity of a suspect who has not been charged" or "an information source . . . to whom confidentiality has been reasonably promised."

{¶ 4} On July 17, Snodgrass sent a second request to the warden's office by electronic kite. He asked for "records pertaining to the device which was used to analyze the contraband in conduct report # TCI-24-005356, to wit: photos, how device is programmed, what drug was detected, etc." Kleinknecht denied the request the same day, stating (1) that with regard to disciplinary cases, "only charges and dispositions are public record in accordance with [Adm.Code] 5120-9-49(A)(2)" and (2) that drug-test results are not public records under R.C. 149.433(B).

{¶ 5} Also on July 17, Snodgrass sent a third kite to the warden's office, requesting items related to a conduct report:

> Concerning conduct report #TCI-24-005356, I would like records
> consisting of the investigator[']s report of the drug analysis of
> contraband from such, when this analysis took place, time, and date,
> the chemical reading, and name of personnel who did the analysis
> [and whether] outside lab testing is allowed or permitted.

Kleinknecht denied the request less than an hour later. In her response kite, Kleinknecht stated: "Regarding your request for the records concerning TCI-24-005356, only charges and dispositions are public record in regards to disciplinary

cases. Other records within the case are not public record in accordance with [Adm.Code] 5120-9-49(A)(2)."

{¶ 6} Finally, on July 19, Snodgrass sent his fourth records request by electronic kite to the warden's office. Snodgrass requested "copies of the hearing officer[']s report concerning RIB# Tci-24-005356." Kleinknecht denied the request the same day, replying: "[I]n accordance with [Adm.Code] 5120-9-49(A)(2) only charges (conduct reports) and dispositions in the inmate disciplinary cases are public record. Since this was heard in the RIB[3] process the hearing officer report is not the decision and it therefore [is] not public record."

{¶ 7} Snodgrass commenced this action in August 2024. He alleged his entitlement to the items that he requested and $1,000 in statutory damages for each item withheld. This court denied TCI's motion to dismiss and granted an alternative writ, setting a schedule for the filing of evidence and briefs. 2024-Ohio-5173. In addition to his merit brief, Snodgrass filed a December 2024 motion asking this court to consider the documents attached to his complaint as evidence in support of his claims. TCI did not respond to the motion.

## II. ANALYSIS

### A. Motion to Consider Documents as Evidence

{¶ 8} The parties were required to file their evidence within 20 days of our order granting the alternative writ. 2024-Ohio-5173. In lieu of filing evidence, Snodgrass filed a motion to permit his "[s]worn or certified papers, affidavit, as evidence" submitted with his complaint to be considered as his evidence.

{¶ 9} S.Ct.Prac.R. 12.06 provides that all evidence in original actions "shall be submitted by affidavits, stipulations, depositions, and exhibits" and that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached." Snodgrass attached to his complaint an affidavit of verification, in which

---

3. Neither party defines "RIB," but it appears to refer to the rules infraction board of the institution. *See* Adm.Code 5120-9-07(A).

he swore to facts supporting his complaint, and a separate affidavit in which he authenticated the public-records requests attached to the complaint. The attachments to the complaint are documents that comport with S.Ct.Prac.R. 12.06. We therefore grant Snodgrass's unopposed motion.

## B. Mandamus

{¶ 10} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). An action for a writ of mandamus is an appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b). To obtain the writ, Snodgrass must show by clear and convincing evidence that he has a clear legal right to the records he requested and that TCI has a clear legal duty to provide them. *State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2024-Ohio-770, ¶ 6.

{¶ 11} Snodgrass is not entitled to relief in mandamus if TCI can prove that the requested records "fit[] within one of R.C. 149.43's specific exceptions or the general exception for '[r]ecords the release of which is prohibited by state or federal law.'" *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 2018-Ohio-5111, ¶ 7, quoting R.C. 149.43(A)(1)(v). "Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, ¶ 10. To meet its burden, TCI must show that the requested records "fall squarely within the exception." *Id.*

### 1. The First Request

{¶ 12} Snodgrass first requested "documents pertaining to the device used to analyze drugs which is used by investigators." He further specified that he was seeking the records containing the name of the device, its manufacturer, the supplier and the ODRC's contract pertaining to the device, how the device operates, and

what drugs it analyzes.  Kleinknecht denied the request, stating that the "procedures to identify drugs" are not a public record under R.C. 149.43(A)(2)(a).  *See* R.C. 149.43(A)(1)(h) (exempting confidential law-enforcement investigatory records from public-records disclosure).

{¶ 13} In its merit briefing in this case, however, TCI does not argue that the records responsive to Snodgrass's first public-records request are confidential law-enforcement investigatory records under R.C. 149.43(A)(2)(a).  Rather, TCI now claims that they are records related "to investigatory techniques" and therefore exempt from disclosure as confidential law-enforcement investigatory records under R.C. 149.43(A)(2)(c).[4]

{¶ 14} We have held that when the applicability of a public-records exemption is not readily apparent, "the records custodian must provide 'specific factual support that goes beyond mere conclusory statements in an affidavit to show that the record sought falls squarely within the prescribed exception.'"  *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 34, quoting *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 50.  Here, in an affidavit that TCI submitted into evidence, Kleinknecht states: "In these Kites, Inmate Snodgrass requested several documents that were determined not to be public records due to the nature of the requests either for investigatory techniques or the results of an investigation."

{¶ 15} Kleinknecht's conclusory affidavit does not describe how records responsive to Snodgrass's request for public records would reveal "investigatory techniques."   Snodgrass's request makes clear that he is seeking general information about the device used to detect drugs, i.e., the "[n]ame of [the] device, manufacturer of [the] device, supplier, contract pertaining to [the] device and

---

4. TCI is not precluded from raising a new defense here.  *See* R.C. 149.43(B)(3) (in defending a public-records mandamus action, a public office is permitted to rely on "additional reasons or legal authority" other than those asserted in an explanation for denying a public-records request).

[ODRC] info on how the device operates, how [it's] programmed, what drugs it analyzes." How documents responsive to this request would necessarily contain "investigatory techniques" is not readily apparent. Accordingly, TCI has not shown that the requested records "fall squarely within" the prescribed exemption, *Sultaana* at ¶ 34. We therefore order TCI to provide records responsive to Snodgrass's first request.

### 2. The Second and Third Requests

{¶ 16} Snodgrass's second request at issue in this case sought "records pertaining to the device that was used to analyze the contraband in conduct report #TCI-24-005356, to wit: photos, how device is programmed, what drug was detected, etc." Relating to the same conduct report, Snodgrass's third request asked for "the investigator[']s report of the drug analysis of contraband," specifically the report stating "when this analysis took place, . . . the chemical reading, and [the] name of [the] personnel who did the analysis." TCI argues that its denial of this request was proper because Snodgrass is seeking "specific investigatory work product," which TCI says is exempt from public-records disclosure under Adm.Code 5120-9-49(C)(13)(b).

{¶ 17} Adm.Code 5120-9-49(C)(13)(b), which tracks R.C. 149.43(A)(2), exempts from public-records disclosure "confidential law enforcement investigatory records pertaining to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature to the extent that the release of the record would create a high probability of disclosure" of "[s]pecific confidential techniques or procedures or specific investigatory work product." S*ee also* R.C. 149.43(A)(2)(c). TCI argues that Snodgrass's second and third requests seek records containing "work product and techniques of [a specific] investigation."

{¶ 18} Snodgrass requested records relating to a specific conduct report, namely (1) records concerning the device that was used to analyze drugs identified in the report and (2) the investigator's report of the drug analysis. TCI does not

meaningfully explain how records responsive to Snodgrass's requests would create a high probability of disclosing investigatory techniques or investigatory work product. Kleinknecht's conclusory affidavit does not describe whatsoever the contents of the documents withheld from Snodgrass, and why responsive documents would be categorically exempt is not readily apparent. *See State ex rel. Howard v. Watson*, 2023-Ohio-3399, ¶ 24 (rejecting claimed exemption to public-records disclosure when the respondent had not submitted an affidavit describing contents of the records and why responsive records would contain exempt information was not apparent). Indeed, the claimed exemption may be inapplicable *even if* responsive documents contain investigatory techniques or work product. For example, to the extent that responsive records are contained in the conduct report itself, TCI cannot claim exemption for "specific investigatory work product," R.C. 149.43(2)(c). *See Sultaana*, 2023-Ohio-1177, at ¶ 27 (conduct reports do not fall within the specific investigatory-work-product exemption of R.C. 149.43(A)(2)(c)). Notably, the exemption does not apply if the investigation at issue has concluded. *State ex rel. Myers v. Meyers*, 2022-Ohio-1915, ¶ 32 (the exemption for "specific investigatory work product" expires at the end of a criminal trial or when an investigation has been closed), citing *State ex rel. Caster v. Columbus*, 2016-Ohio-8394, ¶ 47, and *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 2016-Ohio-7987, ¶ 41-42.

{¶ 19} TCI bears the burden to show how records responsive to Snodgrass's requests "fall squarely within" a claimed exemption to public-records disclosure, *Jones-Kelley*, 2008-Ohio-1770, at ¶ 10. By submitting only a conclusory affidavit and no description of what the responsive records contain, TCI has failed to meet that burden here with respect to the second and third requests.

### 3. The Fourth Request

{¶ 20} Finally, Snodgrass asked for copies of the hearing officer's report concerning "RIB #Tci-24-005356." Kleinknecht denied Snodgrass's request on the

basis that "only charges (conduct reports) and dispositions in the inmate disciplinary cases are public record." According to Kleinknecht, the requested conduct report "is not the decision" because the matter was "heard in the RIB [Rules Infraction Board] process." *See* Adm.Code 5120-9-07(H) ("The hearing officer may refer a conduct report to the RIB for formal disposition.").

**{¶ 21}** TCI does not rely on Kleinknecht's stated rationale in its merit brief. Rather, TCI justifies the denial of Snodgrass's fourth public-records request by arguing that Snodgrass seeks records related to specific investigatory techniques or investigatory work product. But for the reasons stated above regarding Snodgrass's second and third requests, we conclude that TCI has not shown how this exemption applies to the hearing officer's report. Kleinknecht's conclusory affidavit does not describe the contents of the hearing officer's report and, as with the items responsive to Snodgrass's second and third requests, it is not readily apparent why that report necessarily contains exempt information. *See Howard*, 2023-Ohio-3399, at ¶ 24.

**{¶ 22}** TCI has therefore failed to establish that the hearing officer's report falls within an exemption to public-records disclosure.

### 4. Security Items

**{¶ 23}** TCI also argues that everything Snodgrass requested is a "security record" under R.C. 149.433(A), which defines terms, and therefore was properly withheld. The only evidence TCI cites in support of this exemption, however, is paragraph five of Kleinknecht's affidavit, which states that TCI determined that the records Snodgrass requested are not public records "due to the nature of the requests either for investigatory techniques or the results of an investigation." Nowhere in her affidavit does Kleinknecht state that responsive records contain information that would trigger this exemption. *See* R.C. 149.433(A)(1) (defining "security record" as including "[a]ny record that contains information directly used for protecting or maintaining the security of a public office against attack, interference, or

sabotage"). Accordingly, TCI has not demonstrated how the security exemption squarely applies.

## C. Statutory Damages

**{¶ 24}** Snodgrass's complaint included a prayer for statutory damages under R.C. 149.43(C)(2). Snodgrass, however, did not argue for statutory damages in his merit brief and has therefore waived any claim to recover them. *See State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 69. Accordingly, we deny statutory damages.

## III. CONCLUSION

**{¶ 25}** We grant Snodgrass's motion asking that we consider the documents attached to his complaint as evidence, and we grant a writ of mandamus ordering TCI to provide records responsive to Snodgrass's four public-records requests. We deny Snodgrass's request for statutory damages under R.C. 149.43(C)(2).

Writ granted.

_____

Marwan Snodgrass, pro se.

Dave Yost, Attorney General, and Salvatore P. Messina, Assistant Attorney General, for respondents.

_____