**[Cite as *State ex rel. Harris v. Copley*, 2025-Ohio-5558.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. John Harris            Court of Appeals No.  {48}L-25-00224

     Relator

v.

R. Copley                                     **DECISION AND JUDGMENT**

     Respondent                           Decided:  December 12, 2025

* * * * *

John Harris, relator, pro se.

State of Ohio Attorney General, Dave Yost,
and Adam Beckler and Mindy Worly, assistant
attorneys general.

* * * * *

**SULEK, P.J.**

{¶ 1} This matter is before the court on the motion of respondent Toledo Correctional Institutional Business Office Supervisor R. Copley to dismiss the petition for a writ of mandamus filed by relator John Harris.

{¶ 2} In his petition, Harris, a pro se inmate, seeks an order of this court compelling respondent to comply with his June 19, 2025 public records requests for "Officer Soto whole name," "Officer William's whole name," and "Officer Rector's

whole name." On October 1, 2025, this court entered an order recognizing that the alleged denial of public records is a serious matter. Nevertheless, this court found that Harris had not complied with 6th Dist.Loc.App.R. 7(A), which requires that in lieu of the $100.00 cost deposit when filing an original action, a person seeking a writ of mandamus may file a "sworn Financial Disclosure/Affidavit of Indigency." "The party *must* use the Financial Disclosure/Affidavit of Indigency approved by the Ohio Public Defender's Office and can be found on the Ohio Public Defender's website, and must be filed with current financial information for each original action." (Emphasis added.) *Id.* This court attached the correct Financial Disclosure/Affidavit of Indigency to the October 1, 2025 entry, and ordered Harris to submit the completed form within 30 days. Harris has never filed the completed Financial Disclosure/Affidavit of Indigency.

{¶ 3} Despite Harris's initial failure to comply with 6th Dist.Loc.App.R. 7(A) and before the 30 days had expired—and in the absence of an alternative writ issued by this court—Copley filed a Civ.R. 12(B)(6) motion to dismiss the mandamus petition for failure to state a claim upon which relief can be granted. Harris has responded and filed an opposition to the motion to dismiss. Copley has not filed a reply in support.

{¶ 4} Notwithstanding the procedural irregularities created by Harris's failure to comply with our local rule in the filing of his petition and Copley's filing of his motion to dismiss before this court has issued an alternative writ, in the interests of justice and judicial economy, and because the parties have each taken the opportunity to fully brief

2.

the issue, this court will proceed to decide this matter on the merits of the motion to dismiss.

**{¶ 5}** "A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint." *Fisher v. Smith & Lehrer Co., L.P.A.*, 2024-Ohio-1177, ¶ 11 (6th Dist.), quoting *NZR Retail of Toledo, Inc. v. Beck Suppliers, Inc.*, 2016-Ohio-3205, ¶ 12 (6th Dist.). "To dismiss a complaint under Civ.R. 12(B)(6), 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Id.*, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. "In considering the motion, the court must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party." *Id.*, citing *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10.

**{¶ 6}** "An action for a writ of mandamus is an appropriate remedy to compel compliance with the Public Records Act." *State ex rel. Snodgrass v. Trumbull Correctional Institution*, 2025-Ohio-4688, ¶ 10; R.C. 149.43(C)(1)(b). To obtain the writ, Harris "must show by clear and convincing evidence that he has a clear legal right to the records he requested and that [Copley] has a clear legal duty to provide them." *Id.*, citing *State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2024-Ohio-770, ¶ 6.

**{¶ 7}** In support of his motion to dismiss, Copley argues that Harris's request for the names of three officers was a request for information, not for a specific record. He contends that because he would be required to create a new record to respond to Harris's

3.

inquiry, it is not a valid public-records request. Harris responds that his request for the officers' names in fact was a request for actual records, not information. He cites R.C. 149.434(A), which provides, "Each public office or person responsible for public records shall maintain a database or a list that includes the name of all public officials and employees elected to or employed by that public office. The database or list is a public record and shall be made available upon a request made pursuant to section 149.43 of the Revised Code."

{¶ 8} Here, Harris's specific requests were for "Officer Soto (sic) whole name," "Officer William's whole name," and "Officer Rector's whole name." These are requests for information, not for the list required to be maintained under R.C. 149.434(A). As such, it is not a valid public-records request. *See State ex rel. Ware v. Akron Police Dept.*, 2025-Ohio-1198, ¶ 14 (relator's request for the names of eight officers was not a valid public-records request because it did not ask for a specific record); *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-3624, ¶ 5 (relator's request for "the names only" of five inmates was not a valid public-records request because it did not ask for a specific record or report).

{¶ 9} Accordingly, because Harris did not submit a valid public-records request under R.C. 149.43, he cannot demonstrate a clear legal right to the information and a clear legal duty on the part of Copley to provide it. Copley's Civ.R. 12(B)(6) motion to dismiss, therefore, is well-taken. Harris's petition for a writ of mandamus is dismissed with prejudice. Any costs associated with this action are assessed to Harris.

4.

{¶ 10} The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ dismissed.


Christine E. Mayle, J.

Myron C. Duhart, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.